AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   22-mj-89 (SEALED) |
| Tanisha Sadulski ) | |
| _____ ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
        Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
        (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
        through (c) of this paragraph, or two or more State or local offenses that would have been offenses
        described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
        jurisdiction had existed, or a combination of such offenses; **or**
    ☐**(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
      § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
      Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
      committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
      defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See Attachment.

Nature and circumstances of offense(s):

See Attachment.

The strength of the government's evidence:

See Attachment.

The defendant's history and characteristics, including criminal history:

See Attachment.

The defendant's dangerousness/risk of flight:

See Attachment.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 5/10/2022 *nunc pro tunc*   Robin M. Meriweather

United States Magistrate Judge

Attachment to Detention Order – Sadulski (22-mj-89) (SEALED)

**Defendant's evidence/arguments for release:**

Ms. Sadulski, who is charged with producing and transporting child pornography, requested her release pending trial. Ms. Sadulski denied the government's allegations against her. She argued her criminal history is insignificant because she does not have any prior convictions for crimes of violence, and her last conviction was in 2011. She highlighted her strong connections to the area: she is a lifelong resident, has a history of stable employment, and has close relationships with her family in the area. Accordingly, she requested that the Court release her into the High Intensity Supervision Program ("HISP"). She proposed a variety of strict conditions of release the Court could impose to ensure she would not be a danger to the community. Such conditions included home detention, electronic monitoring, a proposed third-party custodian, no access to electronics, and no contact with children, including her grandchildren (i.e., the alleged victims in this matter).

**Nature and circumstances of the offense(s):**

Ms. Sadulski is charged with very serious federal felonies involving vulnerable members of our community: children. The government alleged that Ms. Sadulski not only uploaded images and videos of child pornography, but that she produced it as well. The government proffered that she recorded herself sexually exploiting minors and then uploaded the recordings and other images of child pornography to her Google account. Since Congress has determined that a presumption of detention should apply to crimes of violence involving minor victims and given the egregious nature of the circumstances the government alleged occurred, this factor weighs heavily in favor of pretrial detention.

**Strength of the government's evidence:**

This factor also weighs heavily in favor of pretrial detention. The government proffered overwhelming evidence to support its charges against Ms. Sadulski. When executing a search warrant of Ms. Sadulski's Google account, officers recovered images and videos of Ms. Sadulski sexually assaulting minors and images of child pornography involving children as young as infants. The government used Ms. Sadulski's voice and tattoo to identify her in the images and videos that depicted assault. Further, officers recovered children's clothing that was depicted in the images and videos from her residence, and also identified aspects of her residence in the images and videos. Accordingly, the overwhelming evidence of dangerous conduct causes this factor to weigh in favor of pretrial detention.

**Defendant's history and characteristics:**

The Court acknowledges that Ms. Sadulski's criminal history is minimal; she does not have any prior convictions for sex offenses nor bench warrants for failures to appear for court. The Court also acknowledges that she is a lifelong resident of the area with strong ties to the community and to her local family. However, her close relationship with her family causes this factor to weigh in favor of detention (albeit not as strongly as the other factors). The alleged minor victims in this matter are members of Ms. Sadulski's family. Access to young children is a part of her history and characteristics. If the Court released her, there is a high likelihood that she could be around those young children again, which would endanger them. As such, this factor weighs in favor of detention.

Attachment to Detention Order – Sadulski (22-mj-89) (SEALED)

**Defendant's dangerousness/risk of flight:**

If the Court released Ms. Sadulski, there is a significant likelihood that she would continue to produce and transport child pornography. Although Ms. Sadulski denied the allegations, the government proffered photographic evidence of her abusing young children, with whom she has a family relationship. The Court is not confident that Ms. Sadulski's proposed release conditions would prohibit her from accessing children and the internet. Indeed, the minor victims' parent gave Ms. Sadulski access to the children despite presumably knowing that the government had issued a warrant for Ms. Sadulski's arrest. With access to the minor victims or the internet, she could engage in the alleged production and transportation of child pornography again. The potential resulting risk of harm to the community would be severe: the impact on children from sexual abuse is catastrophic. Accordingly, releasing Ms. Sadulski into even the most stringent release conditions could not sufficiently mitigate the danger she poses to the community. As such, this factor weighs in favor of pretrial detention and Ms. Sadulski has not rebutted the presumption of detention that applies.

Weighing all four factors, the Court finds that the government has demonstrated by clear and convincing evidence that Ms. Sadulski's release would pose a significant danger to the community that no condition or combination of conditions could reasonably mitigate. For those reasons, the Court orders that Ms. Sadulski be held without bond pending trial.